lml

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **PEPSI-COLA BOTTLING COMPANY** | ) | |
| **OF PITTSBURG, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 07-2315-JAR** |
| | ) | |
| **BOTTLING GROUP L.L.C.,** | ) | |
| **d/b/a PBG,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER
## DENYING PLAINTIFF'S MOTION TO REMAND

This matter is before the Court on plaintiff Pepsi-Cola Bottling Company of Pittsburg,

Inc.'s ("Pittsburg Pepsi") Motion to Remand (Doc. 5) to Crawford County District Court.

Plaintiff filed an action seeking specific performance of a settlement agreement between the

parties, as well as injunctive relief; there is no claim for monetary damages.  Defendant Bottling

Group L.L.C. ("Bottling Group") filed a Notice of Removal (Doc. 1), asserting that this Court

has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because (1) the

matter in controversy exceeds the sum or value of $75,000 and (2) the action is between citizens

of different states.  Plaintiff moves for remand to state court on the grounds that Bottling Group

has not complied with § 1441 because it provides no timely and specific factual basis for its

allegations about the amount in controversy in the Notice of Removal.  For the reasons set forth

in detail below, the Court denies plaintiff's motion to remand.

*Background*

This case stems from an agreement between the parties to settle a lawsuit brought by Pittsburg Pepsi alleging that Bottling Group was complicit in "trans-shipping" Pepsi products into its territory (the "Settlement Agreement").  The Settlement Agreement provides in paragraph 8, that:

> Bottling Group agrees not to use Pepsi insignias, proprietary
> containers or bottles, uniforms, trucks or other indications that it is
> a Pepsi bottler when servicing accounts in Pittsburg Pepsi's
> territory.  Bottling Group shall have 60 days following the
> execution of this Agreement to comply with this paragraph.  When
> Bottling Group comes into compliance with this paragraph, it shall
> certify its compliance by e-mail notice to Pittsburg Pepsi and
> PepsiCo through their undersigned attorneys.

Pittsburg Pepsi subsequently asserted that Bottling Group has violated the Settlement Agreement, primarily by allowing Dr. Pepper products to be delivered in plastic crates, known as "shells," that say "Pepsi" on them.

On June 20, 2007, Pittsburg Pepsi filed a Petition in Crawford County District Court, which states a claim for enforcement of the Settlement Agreement.  Pittsburg Pepsi alleges that Bottling Group has not complied with paragraph 8 of the Settlement Agreement.  Pittsburg Pepsi alleges that it would be too difficult to determine the impact or damage to plaintiff's good will from Bottling Group using indicia of being a Pepsi bottler while selling Dr. Pepper or other non-Pepsi products in plaintiff's territory.  Pittsburg Pepsi alleges that these actions undermine it as the exclusive franchisee and, therefore, monetary damages cannot be calculated as a remedy for the breach, entitling plaintiff to specific performance of the Settlement Agreement and/or for injunctive relief.

Bottling Group filed a timely Notice of Removal, which asserts diversity jurisdiction

pursuant to 28 U.S.C. § 1332(a)(1).  Bottling Group asserts that it satisfies the amount in controversy requirement because "[t]he Petition seeks equitable relief and specific performance that would cost Bottling Group over $75,000 to comply with."  In its Notice of Removal, Bottling Group provides no specific factual basis for its claim that it satisfies the amount in controversy.  In its Memorandum in Opposition to Plaintiff's Motion to Remand, however, Bottling Group submits the affidavit of Scott Bender, its Finance Manager, setting forth specifics of its claim that it would cost more than $75,000 to comply with Pittsburg Pepsi's request for specific performance.  Bender avers that if Bottling Group were to stop using the shells at issue, it would have to obtain new shells from an outside source, at a cost of $126,000, leading to an annualized depreciation of $25,200 per year over a five-year period.  Bender further states that Bottling Group would have to purchase generic wooden pallets at a cost of approximately $10 per pallet;  3500 additional pallets would have to be purchased each year in order to account for lost and/or worn down pallets.  In order to accommodate Pittsburg Pepsi's request, Bender asserts that Bottling Group would also have to alter the production line in its Tulsa plant, resulting in an annual cost of approximately $780.  Bender calculates its total costs of compliance as follows: a yearly line cost of $780 and a yearly incremental cost of $60,200 ($25,200 + $35,000).  Thus, Bender avers, if Bottling Group were forced to comply with the relief Pittsburg Pepsi seeks for even two years, it would suffer a loss of $121,960.

## Discussion

"The district courts of the United States . . . are 'courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.'"[1]  A civil action is removable

---

[1] *Exxon Mobil Corp. v. Allapattah Servs.*, — U.S. —, 125 S. Ct. 2611, 2616-17 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

only if plaintiffs could have originally brought the action in federal court.[2]  The court is required to remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."[3]  The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record.[4]

As the parties invoking federal jurisdiction, respondents bear the burden of proving the requirements of federal jurisdiction.[5]  Jurisdiction based on diversity of citizenship exists when a dispute between citizens of different states involves an amount in controversy exceeding $75,000.[6]  Bottling Group contends that its costs of compliance with Pittsburg Pepsi's requested injunctive and specific performance relief would exceed $75,000.  In this case, it is undisputed that there is complete diversity among the parties.  The jurisdictional issue then is whether the amount in controversy requirement is met.

In cases seeking declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation."[7]  The Tenth Circuit has followed what has commonly been referred to as the "either viewpoint rule," which considers either the value to the plaintiff or the cost to defendant of injunctive and declaratory relief as the measure of the amount

---

[2]28 U.S.C. § 1441(a).

[3]28 U.S.C. § 1447(c).

[4]*Schecher v. Purdue Pharma L.P.*, 317 F. Supp. 2d 1253, 1257 (D. Kan. 2004) (citing *Ins. Corp. of Ireland, Ltd. v. Compangnie des Bauxites de Guinee*, 456 U.S. 684, 702 (1982)).

[5]*In re Adoption of Baby C.*, 323 F. Supp. 2d 1082, 1084 (D. Kan. 2004) (citation omitted), *aff'd sub nom. Baby C. v. Price*, 138 F. Appx. 81 (10th Cir. 2005).

[6]28 U.S.C. § 1332(a).

[7]*Lovell v. State Farm Mut. Auto. Ins. Co.*, 466 F.3d 893, 897 (10th Cir. 2006) (quoting *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).

in controversy for purposes of meeting the jurisdictional minimum.[8]  The issue in this case is whether Bottling Group failed to strictly comply with 28 U.S.C. § 1441 when it provided no timely and specific factual basis for its allegations about the amount of controversy in the Notice of Removal, other than the allegation that it would cost more than $75,000 to comply with Pittsburg Pepsi's request for specific performance.

Bottling Group argues that it has adequately pled the amount in controversy requirement, distinguishing this case from those where a plaintiff expressly alleges damages below the jurisdictional threshold, putting the defendant on notice that the plaintiff believes federal jurisdiction is lacking, thus triggering a requirement for a heightened showing by the defendant in the Notice of Removal itself.  Bottling Group contends that when a plaintiff does not include a demand for money relief in its Petition, the first time a defendant is put on notice that the plaintiff disputes the amount in controversy is when the plaintiff moves to remand.  Accordingly, it argues, "fairness and common sense" dictate that the defendant should then be permitted to respond to the plaintiff's challenge at that point.

Pittsburg Pepsi counters that jurisdiction must be determined from the Notice of Removal itself and at the time of filing, citing this Court's decision in *Coca-Cola Bottling of Emporia, Inc. v. South Beach Beverage Co., Inc.*[9]  In that case, the Court examined the procedural burden undertaken by a party seeking removal, where the Petition itself does not demonstrate a claim for damages in excess of the jurisdictional minimum of "in excess of $75,000."[10]  In granting the

---

[8]*Id.* (citing *Justice v. Atchison, Topeka & Santa Fe Ry*, 927 F.2d 503, 505 (10th Cir. 1991)).

[9]198 F. Supp. 2d 1280, 1283 (D. Kan. 2003).

[10]28 U.S.C. § 1332(a)(1).

motion to remand, the Court explained that because jurisdiction is determined at the time of notice of removal, the movant must meet its burden in the notice of removal, not in some later pleading.[11]  The Court stated that SoBe "must do more than make conclusory allegations and assertions; it must set forth the underlying facts supporting its assertions concerning the amount in controversy."[12]  SoBe failed to meet its burden in its notice of removal, and additional assertions proffered in its later filed response to Coca Cola's motion to remand were untimely and insufficient.[13]

Bottling Company argues that *Coca-Cola Bottling* can be distinguished, because in that case, the plaintiff had expressly pled damages in an amount below the amount in controversy requirement.  Because it appeared from the face of plaintiff's petition that there was no federal jurisdiction, the Court appropriately demanded more than a conclusory assertion from the defendants before accepting jurisdiction and overriding the plaintiff's choice of forum.  By contrast, Pittsburg Pepsi does not seek any damages in its Petition, but only specific performance and injunctive relief.  In such circumstances, Bottling Group argues, a defendant should not be required to do more than would have been required had it filed this lawsuit itself—allege an amount in controversy that satisfies the jurisdictional limit.  In any event, Bottling Group argues, if this Court is not convinced by the Notice of Removal, it should consider Bender's affidavit submitted with its opposition to the motion to remand in determining whether the amount in

---

[11]*Coca-Cola Bottling*, 198 F. Supp. 2d at 1283 (citing *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied* 516 U.S. 863 (1995)).

[12]*Id.*

[13]*Id.* at 1284-85 (noting a split on the issue of the appropriate burden of proof for removal of an action in which the plaintiff specifically pled less than the requisite amount in controversy, the Court went on to adopt a "reasonable certainty" standard).

controversy requirement has been met.  In the alternative, Bottling Group urges the Court for leave to amend its Notice of Removal to further specify the facts providing a basis for diversity jurisdiction.

The notice of removal required by § 1446(b) may be amended freely by the defendant prior to the expiration of the thirty-day period for seeking removal.[14]  Thereafter, however, notice may be amended pursuant to 28 U.S.C. § 1653, which provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."[15] Section 1653 permits amendment of "incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves."[16]  That is, § 1653 does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before."[17]  The purpose of § 1653 is "to avoid dismissals on technical grounds."[18]  "An application under  § 1653 is . . . addressed to the discretion of the court, and usually the section is to be construed liberally to permit the action to be maintained if it is at all possible to determine from the record that jurisdiction does in fact exist."[19]

In this case, Bottling Group seeks to make a technical amendment to further specify the facts providing a basis for federal diversity jurisdiction.  The jurisdictional allegations in the

---

[14]14C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FED. PRACTICE AND PROCEDURE § 3733 at 357 (3d ed. 1998).

[15]*Mason v. Thompson*, No. CIV-05-1464-HE, 2006 WL 1134939, at *1 (W.D. Okla. Apr. 27, 2006) (citing *Marshall v. Skydive Am. S.*, 903 F. Supp. 1067, 1070 (E.D. Tex. 1995)).

[16]*Daneshvar v. Graphic Tech., Inc.*, No. 06-3242, 2007 WL 1417285, at *4 (10th Cir. May 15, 2007) (quoting *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989)).

[17]*Id.*

[18]*Id.* (quoting *Brennan v. Univ. of Kan.*, 451 F.2d 1287, 1289 (10th Cir. 1971)).

[19]*Id.* (quoting *John Birch Soc'y v. NBC*, 377 F.2d 194, 198-99 (2d Cir. 1967)).

Notice of Removal were defective for failure to specify, beyond the general claim of amount in controversy, the underlying facts that were the basis for Bottling Group's claim that compliance with Pittsburg Pepsi's request for relief would cost it more than $75,000.  As Bottling Group notes, this is not a case where the plaintiff's petition specifically states an amount in controversy. Accordingly, the Court finds the circumstances justify amendment of the Notice of Removal to include a proper allegation of the underlying facts set forth in the Bender affidavit submitted with Bottling Group's opposition to remand.  Thus, the amendment remedies any deficiency in detail, and relates back to the time of the filing of the Notice of Removal.

With such an amendment, Bottling Group has shown that its costs of compliance with the relief sought by Pittsburg Pepsi would exceed $75,000 because the requested relief would require it to make significant expenditures for replacing shells and pallets that do not say "Pepsi."  Bender avers that this would cost Bottling Group approximately $60,980 per year. Because the relief Pittsburg Pepsi seeks is indefinite, these costs would be incurred each year, and would exceed $75,000 within two years.  Because the compliance cost to Bottling Group exceeds the requisite amount in controversy, the jurisdictional threshold is met and the Court will exercise subject matter jurisdiction over this case.  Pittsburg Pepsi's motion to remand is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Pittsburg Pepsi's Motion to Remand (Doc. 5) is DENIED.

IT IS SO ORDERED.


Dated this 10th day of October 2007.

8

 S/ Julie A. Robinson

Julie A. Robinson
United States District Court

*Pepsi-Cola Bottling Company v. Bottling Group L.L.C.*, 07-2315, Memorandum and Order Denying Plaintiff's Motion to Remand.