IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PEPSI-COLA BOTTLING COMPANY )
OF PITTSBURG, INC., )
 )
      Plaintiff, )  Case No.  07-2315-JAR
 )
v. )
 )
BOTTLING GROUP, L.L.C., )
d/b/a PBG, )
 )
      Defendant. )

## **ORDER**

### I.  Introduction and Background

This case involves requests for declaratory and injunctive relief to enforce a settlement agreement that resolved a prior lawsuit.  The plaintiff, Pepsi-Cola Bottling Company of Pittsburg, Inc. ("Pittsburg Pepsi"), has filed a motion to compel certain discovery from the defendant, Bottling Group, LLC ("Bottling Group") (**doc. 34**).  Defendant has filed a cross-motion to compel **(doc. 41)**.  Having reviewed the above-referenced motions and all of the briefs filed by the parties (*see* docs. 35, 37, 38, 40, 42, and 45), the undersigned U.S. Magistrate Judge, James P. O'Hara, is now ready to rule.

Paragraph 8 of the parties' Settlement Agreement provides:

> Bottling Group agrees not to use Pepsi insignias, proprietary containers or bottles, uniforms, trucks or other indications that it is a Pepsi bottler when servicing accounts in Pittsburg Pepsi's territory. Bottling Group shall have 60 days following the

>execution of this Agreement to comply with this paragraph. When Bottling Group comes into compliance with this paragraph, it shall certify its compliance by e-mail notice to Pittsburg Pepsi and PepsiCo through their undersigned attorneys.

Plaintiff contends defendant violated the Settlement Agreement by allowing Dr Pepper products to be delivered in plastic crates, known as "shells," that say "Pepsi" on them. On June 20, 2007, plaintiff filed a petition in the District Court of Crawford County, Kansas, seeking enforcement of the Settlement Agreement. Plaintiff alleged in its petition that it would be too difficult to determine the impact or damage to plaintiff's good will from defendant using indicia of being a Pepsi bottler while selling Dr Pepper or other non-Pepsi products in plaintiff's territory. Plaintiff also alleged these actions undermine it as the exclusive Pepsi franchisee in the Pittsburg, Kansas area, and therefore, monetary damages cannot be calculated as a remedy for the breach, entitling plaintiff to specific performance of the Settlement Agreement and/or for injunctive relief.

Defendant removed the case to this court on July 18, 2007. Plaintiff timely moved to remand the case (doc. 5). The presiding U.S. District Judge, Hon. Julie A. Robinson, denied the motion to remand on October 10, 2007 (*see* doc. 17).

## II.  Plaintiff's Motion to Compel

Defendant's answer (doc. 3), which was filed on July 23, 2007, asserts twenty-one separate affirmative defenses. Plaintiff's Interrogatory No. 3, which was served on September 20, 2007 (*see* doc. 15), while this case was still in the early stages of discovery, is a so-called contention interrogatory. It asks defendant to "[p]rovide the specific factual

basis, including identifying any relevant documents or witnesses, for each and every affirmative defense you have alleged." Related to this interrogatory is Request No. 3, by which plaintiff seeks "any documents in support of any affirmative defense raised by defendant."

Defendant objected to Interrogatory No. 3 as over broad. In support of its objection, defendant cites to cases from this district which have held that interrogatories that ask for "every" or "all facts" that support a party's allegations or defenses are over broad as a matter of law.[1] Defendant argues that even though plaintiff's Interrogatory No. 3 does not contain these offending terms, but rather asks for the "specific factual basis," the result is essentially the same. As to Request No. 3, defendant did not object but responded that "[t]o the extent they exist, Bottling Group will produce responsive documents that are not protected by the attorney-client privilege or work product doctrine."

Although arguably a close call, the court finds the phrase "specific factual basis," as used in Interrogatory No. 3, renders the interrogatory impermissibly broad. But rather than simply deny plaintiff's motion with regard to this interrogatory, the court intends to bring this cat and mouse game to a screeching halt. Defendant shall answer this interrogatory, but may limit its answer to the "material" or principal" facts that support each affirmative defense.[2] Further, if defendant has not previously produced all documents responsive to Request No.

---

[1] *Moses v. Halstead*, 236 F.R.D. 667, 673-74 (D. Kan. 2006); *Stoldt v. Centurion Inds., Inc.,* No. 03-2634, 2005 WL 375667, at *5 (D. Kan. Feb. 3, 2005); and *Hiskett v. Wal-Mart Stores, Inc.*, 180 F.R.D. 403, 405 (D. Kan. 1998).

[2] *See Moses*, 236 F.R.D. at 674.

3, defendant shall do so.

Upon reflection, defendant and its attorneys might decide that some of the previously asserted twenty-one affirmative defenses lack evidentiary support. Presumably they are now in a *very* good position to make these judgment calls, given all discovery is scheduled to be completed this week (*see* doc. 31). Further, the court notes the final pretrial conference in this case is set for the morning of January 31, 2008. Accordingly, and so that the pretrial conference may proceed efficiently, the court will require defendant to serve its amended responses to Interrogatory No. 3 and Request No. 3 very quickly, that is, by January 30, 2008. Perhaps the principal facts defendant believes support its affirmative defenses already are adequately described in the factual contentions provisions that are captured in paragraph 5(b) of the proposed final pretrial order the parties jointly submitted to the undersigned's chambers. But even if this is an unduly optimistic assumption, it strikes the undersigned as neither unreasonable nor unfair to put this material together in fairly short time period.

The court next turns to Interrogatory No. 8, in which plaintiff requests defendant "identify the Bottling Group person who made the decision that Bottling Group was not obligated to remove crates, pallets, flats or shells logoed with the Pepsi name or insignia in order to comply with the Settlement Agreement." Defendant originally objected to this interrogatory on the grounds it is compound, calls for information protected by the attorney-client privilege or work product doctrine, is argumentative, lacks foundation, and calls for a legal conclusion. After plaintiff filed its motion, defendant served an amended response which restated its original objections but included the following:

> Subject to these specific objections and the general objections, Bottling Group states that it did not make a formal determination about whether it was obligated to replace the shells that say, "Pepsi" for delivery of 2-liter bottles of Dr Pepper into Plaintiff's territory until after Plaintiff raised it as an issue. Once Plaintiff asserted that this limited practice was problematic under the Settlement Agreement, Bottling Group, in conjunction with its attorneys, decided that it was not obligated to replace the shells. There was not a "Bottling Group person" who was solely responsible for this decision.

Defendant argues the above-described amended response is adequate. In its reply brief, plaintiff disagrees.

Initially, the court finds defendant's objections that the interrogatory is compound, calls for information protected by the attorney-client privilege or work product doctrine, is argumentative, lacks foundation, and calls for a legal conclusion are totally devoid of merit. The court also finds defendant's amended response is inadequate. Defendant shall provide plaintiff with the name and title of each and every Bottling group employee (current and/or former), or representatives of Bottling Group, who was involved in the decision that defendant was not obligated to remove crates, pallets, flats, or shells logoed with the Pepsi name or insignia. Here again, the court directs defendant to provide this information by January 30, 2008.

### III. Defendant's Motion to Compel

Defendant seeks an order compelling plaintiff to produce documents that relate directly to the question of whether injunctive relief is appropriate. The specific requests and objections are as follows.

Request No. 9 seeks production of "all documents relating to Pittsburg Pepsi's profits and/or losses in 2006 and 2007." Plaintiff's responded: "Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's profits and losses are immaterial to defendant's obligation not to use Pepsi indicia in plaintiff's territory and plaintiff is not making any damage claim."

Request No. 10 seeks production of "all documents relating to Pittsburg Pepsi's sales volume, in any form, including but not limited to, on a month-by-month basis, from January 2006 through the present." Plaintiff's response was as follows:

> Objection. This request is not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's profits and losses are immaterial to defendant's obligation not to use Pepsi indicia in plaintiff's territory and plaintiff is not making any damage claim. Additionally, defendant is a competitor and such information would place plaintiff at a competitive disadvantage.

Relevancy, of course, is broadly construed. Thus, at least as a general proposition, "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[3] "A request for discovery should be allowed 'unless it is clear that the information sought can have no possible bearing' on the claim or defense of a party."[4] "When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad

---

[3] *Sheldon v. Vermonty*, 204 F.R.D. 679, 689-90 (D. Kan. 2001) (citations omitted).

[4] *Id.* (citations omitted).

scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure."[5]  The question of relevancy naturally "is to be more loosely construed at the discovery stage than at the trial."[6]  "A party does not have to prove a prima facie case to justify a request which appears reasonably calculated to lead to the discovery of admissible evidence."[7]

Defendant argues that since plaintiff is seeking injunctive relief because "damages are difficult to calculate" and because defendant is allegedly infringing on "years of goodwill," defendant is entitled to test the legitimacy of each of these theories by examining plaintiff's profits and losses and sales volumes.  Defendant argues that it intends to use the requested documents to help demonstrate that plaintiff is not suffering irreparable harm, and plaintiff may be losing a demonstrable amount of money, thus plaintiff has an "adequate remedy at law" which would preclude plaintiff from obtaining the injunction it seeks.

> The classic remedy for breach of contract is the award of money damages. However, if damages at law cannot adequately compensate the injury sustained from the breach or cannot be adequately measured, then the remedy at law is inadequate and injunctive relief providing for specific performance may be appropriate because of irreparable injury.

---

[5] *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003) (citations omitted).

[6] 8 CHARLES ALAN WRIGHT ET AL, FEDERAL PRACTICE AND PROCEDURE § 2008 at 99 (2d ed. 1994).

[7] *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 193 (D. Kan. 1996).

> Where a claim is based on a breach of contract, irreparable injury for purposes of injunctive relief may be found where the subject matter of the contract is of such a special nature or peculiar value that damages would be inadequate. In other words, irreparable harm is harm that cannot be undone, such as by an award of compensatory damages or otherwise.[8]

Neither of the parties cites any precedent directly on point, that is, speaking to the issue of whether discovery of monetary damages information is *discoverable* in a case seeking only injunctive and declaratory relief. In any event, with it being understood that this is not intended and should not be construed as a final or binding ruling on the issue of such evidence would be *admissible* at trial,[9] the court finds the financial information sought by defendant is reasonably calculated to lead to the discovery of admissible evidence regarding the issues of irreparable harm and whether plaintiff has suffered any damages, and if so, whether the damages can be calculated. Plaintiff has not demonstrated that the discovery does not come within the broad scope of relevance or is of such marginal relevance that the potential harm the discovery may cause would outweigh the ordinary presumption in favor of broad disclosure. As to plaintiff's concern that defendant is a competitor and such information would place plaintiff at a competitive disadvantage, the documents can be designated as "Highly Confidential-Attorneys' Eyes Only" and produced subject to the

---

[8] *Ireland v. Dobson*, No. 07-4082, 2007 WL 3232566, at *7 (D. Kan. Nov. 1, 2007) (internal citations omitted).

[9] If, as currently scheduled, Judge Robinson presides over trial (*see* docs. 10 and 31), then she will make the final admissibility determination. On the other the other hand, if the undersigned magistrate judge tries this case (which the parties' proposed pretrial order indicates is possible), then the undersigned would respectfully request additional briefing on this important issue.

protective order previously entered in this case (doc. 24).

The court has no reason to believe the documents responsive to Request Nos. 9 and 10 should be difficult to retrieve. Therefore, plaintiff shall produce this material by January 30, 2008, for the reasons indicated above.

## IV.   Order

In consideration of the foregoing,

IT IS HEREBY ORDERED:

1. Plaintiff's motion to compel (**doc. 34**) is granted in part and denied in part.

2. Defendant's motion to compel (**doc. 41**) is granted.

3. The parties shall comply in all respects with this order by **January 30, 2008**.

4. Neither party has made a specific request for attorneys' fees to be assessed in connection with the above-referenced motions to compel. In any event, the court finds any award of fees here would be unjust (*see* Fed. R. Civ. P. 37(a)(5)(A)(iii)), and therefore none are imposed as part of this order.

Dated this 28th day of January, 2008 at Kansas City, Kansas.

        s/ James P. O'Hara
        James P. O'Hara
        U.S. Magistrate Judge